ULISES PABÓN, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 664.   Submitted January 11, 1927.—Decided January 28, 1927.

*Benet & Souffront* for the appellant.   The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the Registry of Property of Mayagüez the appellant presented a writ of attachment issued by a municipal court for $475 as principal and $75 for interest and costs to secure the effectiveness of the judgment to be rendered in the action.

The registrar refused to record the attachment on the ground that the municipal court had no jurisdiction to issue it because the amount of the attachment exceeded $500, and assigned as a curable defect that the document on which the attachment originated had not been included or presented separately.   The interested party was notified thereof on the 8th of December and on the following day he again presented the writ of attachment together with a certified copy of the complaint, from which it appeared that it was sought to recover the sum of $475 plus legal interest thereon from the filing thereof, and the costs.   The registrar on the same day denied the conversion of the cautionary notice entered by him of the attachment into a final record because in his opinion the complaint confirmed rather than disproved the existence of the incurable defect which he had before noted, whereupon the present administrative appeal was taken two days after the second denial.

Section 4 of the Act of March 10, 1904, reorganizing the

judiciary (Comp. 1148) provides that municipal courts shall have jurisdiction of all civil matters in their districts to the amount of $500 including interest. If there was any doubt as to whether a part of the $75 attached for interest and costs could increase the amount really sued for in the municipal court to more than $500 because the total amount of principal and interest is what determines the jurisdiction of municipal courts, such doubt vanishes in the light of the complaint which originated the order of attachment where the claim is made for only $475, for if it is true that it was also sought to recover legal interest on that amount from the filing of the complaint, the interest was not due at the time of its filing. It is the amount of $475 that determines the jurisdiction of the municipal court to hear the case and to issue the order of attachment, and the fact that the writ of attachment was issued to secure more than $500 does not deprive the court of its jurisdiction.

The complaint presented to the registrar also corrects the curable defect assigned by him; therefore the cautionary notice should have been converted into a final record.